773 F.2d 1001
 1986 A.M.C. 2354
 Olga L. COOK, Personal Representative of the Estate of
Robert C. Cook, deceased, Plaintiff-Appellant,
v.
EXXON SHIPPING COMPANY, a Delaware corporation, and Humble
Oil & Refining Corporation, a Delaware
corporation, Defendants-Appellees.
 No. 84-3995.
 United States Court of Appeals,
Ninth Circuit.
 Argued March 6, 1985.
Decided June 3, 1985.
Amended Oct. 10, 1985.
 
 1
 Raymond J. Conboy, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for plaintiff-appellant.
 
 
 2
 Mildred J. Carmack, Guy C. Stephenson, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for defendants-appellees.
 
 
 3
 Before KENNEDY and NORRIS, Circuit Judges, and LYNCH,* District Judge.
 
 ORDER
 
 4
 We grant in part appellees' petition for rehearing. The previous opinion of this court, reported at 762 F.2d 750 (9th Cir.1985), is hereby amended as follows:
 
 
 5
 On page 752, column 1, delete the period at the end of the sentence beginning "Specifically, appellant contends ..." and add the following:
 
 
 6
 by failing to exercise due care to avoid exposing the workers to hazards in the area.
 
 
 7
 On page 752, column 2, delete the paragraph beginning "In our view, the evidence cited by Exxon ..." and substitute the following:
 
 
 8
 The evidence is undisputed that Exxon had previously provided the shipyard with plans of the vessel, that the shipyard itself had checked those plans for accuracy, and that the plans showed the relationship between the pipe tunnel and the bunker fuel tank. The evidence is also undisputed that the shipyard had retained those plans, which were available for use by shipyard personnel during the repairs at issue in this case, and that the shipyard's superintendent in charge of this very job and also its marine chemist and safety inspector knew that the pipe tunnel was adjacent to or near the fuel tank. That evidence conclusively established that Exxon had performed its duty to warn the shipyard of the condition of the vessel.
 
 
 9
 On page 752, column 2, delete the period at the end of the sentence beginning "We believe, however, that this does not entitle Exxon ..." and add the following:
 
 
 10
 , and then failed to exercise due care to avoid exposing the workers to hazards in the area.
 
 
 11
 On page 752, column 2, add the following sentence at the end of the paragraph beginning "Exxon's response to appellant's contention ...":
 
 
 12
 We conclude that the evidence before the district court raises a triable issue of fact as to whether the explosion was proximately caused by King's direct supervision of the repair work in a negligent manner.
 
 
 13
 On page 753, column 1, delete the entire paragraph beginning "We conclude that based on the evidence before the district court...."
 
 
 
 *
 The Honorable Eugene F. Lynch, U.S. District Judge, Northern District of California, sitting by designation